IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 10-00539-CB-M ) |
| HYPERION CONSTRUCTION, LLC, HLH CONSTRUCTION SERVICES, LLC, HLH CONSTRUCTORS, INC. HLH CONSTRUCTORS OF FLORIDA, LLC MARK A. CHASTAIN, HARRELL L. HARRELSON and GREGORY HARRELSON | ) ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the Court on a motion filed by the Plaintiff, Hartford Casualty Insurance Company, seeking summary judgment on its claims against the Defendants under an indemnity agreement. (Doc. 53.) After considering the Plaintiff's motion and supporting briefs, the Defendants' response, and all evidentiary materials submitted by the parties, the Court finds that the motion for summary judgment is due to be granted.

**Findings of Fact**

The facts presented in this case are relatively simple. In 2007, in order for defendant Hyperion Construction, LLC ("Hyperion") to obtain payment and performance bonds from Plaintiff Hartford Casualty Insurance Company ("Hartford"), which would allow Hyperion to bid on construction projects, defendants Hyperion, HLH Construction Services, LLC, HLH Constructors, Inc., Mark A. Chastain, Harrell L. Harrelson and Gregory L. Harrelson (collectively "the Indemnitors") entered into an General Indemnity Agreement ("the Indemnity

Agreement") with Hartford.  The Indemnitors agreed to indemnify Hartford for liability incurred as a result of claims on the performance bonds.

The Indemnity Agreement contains the following provisions:

**5.  Indemnity and Exoneration**.  The Indemnitors are jointly and severally liable to Hartford and will indemnify, exonerate and hold Hartford harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interest, attorney's fees, professional fees and consulting fees, which Hartford incurs or sustains (1) because of having furnished any Bond, (2) because of the failure of an Indemnitor to discharge any obligations under the Agreement, (3) in enforcing any of the provisions of the Agreement (4) in pursuing the collection of any loss incurred hereunder, or (5) in the investigation of any claim submitted under any Bond.  Hartford may bring separate suits on this Agreement as causes of action accrue, and the bringing of such suit or the recover of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of actions.

**6.   Collateral Security**.  On Hartford's demand, the Indemnitors shall deposit with Hartford an amount Hartford deems necessary to protect itself from all losses or expenses as soon as Hartford determines that liability exists or has a reasonable basis to believe that it may incur liability, whether or not Hartford has made any payment or created any reserve. . . . the Indemnitors acknowledge and agree that the Indemnitors' failure to deposit with Hartford, immediately upon demand, the sum demanded by Hartford as collateral security shall cause irreparable harm to Hartford for which Hartford has no adequate remedy at Law.  Therefore, the Indemnitors agree that Hartford shall be entitled to injunctive relief for specific performance of said obligation of the Indemnitors and hereby waive any claims or defenses to the contrary.

**7.  Claim Settlement**.  Hartford has the right to adjust, settle or compromise any claim, demand, suit or judgment upon any Bonds without affecting the Indemnitors' liability under this Agreement. The Indemnitors shall immediately be liable to Hartford for all payments, plus interest thereon at the maximum rate permitted by Law, from the date such payments are made by Hartford in the belief that either (1) Hartford was or might be liability therefore, or (2) they were necessary or advisable to protect Hartford's rights or to avoid or lessen Hartford's liability. Copies of checks or other evidence of such payments, including records of any nature maintained by Hartford in the ordinary course of business, shall be prima facie evidence of the existence and extent of the liability of the Indemnitors to Hartford. . . .

(Ex. A, Pl.'s Mot. Summ. J., Doc. 32-1.)

Hyperion subsequently entered into contracts for two large construction projects—one with The Blake at Township, LLC ("the Township Project") in Mississippi and one with The Blake at Malbis, LLC ("the Malbis Project") in Alabama. Hartford issued performance bonds for each project naming Hyperion as the principal. Subcontractors on both projects made claims against the performance bonds, and those claims were paid by Hartford. As of the date the summary judgment motion was filed, Hartford had paid $626,607.48 in claims on the Township Project and had paid $1,155,267.59 in claims on the Malbis project. On both projects combined, Hartford incurred attorneys' fees and expenses in the amount of $73,080.93.

Hartford filed the instant action against Hyperion and the remaining Indemnitors invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Hartford is incorporated in and has its principal place of business in Indiana. Hyperion is a citizen of Florida and the remaining defendants are citizens of either Florida or Alabama. The complaint asserts claims for indemnification based on the indemnity agreement as well as common law and equitable principles.

**Summary Judgment Standard**

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.*

This case presents an atypical situation because the plaintiff is the party seeking summary judgment. Where the moving party also has the burden of proof at trial,

> that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citations and internal quotation marks omitted; emphasis in original).

**Issues Raised**

Hartford argues that it is entitled to indemnity from the Indemnitors for its payments. Hartford seeks indemnity based on the indemnity agreement, as well as on statutory law and equitable principles. The Indemnitors counter that Hartford wrongfully paid approximately $200,000 in claims (although they fail to specify which particular payments are in dispute) but do not challenge liability on the remaining amount. For reasons discussed below, the Court finds that Hartford has met its burden of proof with respect to all claims asserted under the indemnity agreement. The Indemnitors, in response, have failed to point to evidence from which a reasonable factfinder could find in their favor on the contractual indemnity claim.[1]

---

[1] To the extent Hartford seeks recovery on its statutory and equitable claims, summary judgment is denied. First, those claims are superseded by contract. *See Fidelity & Dep. Co. of Maryland v. Bristol & Ironworks, Inc.*, 722 F.2d 1160, 1163 (4th Cir. 1983) (resort to implied equitable principles improper when express indemnity contract exists). Moreover, at best such claims would apply only to Hyperion, the principal, and not to the Indemnitors. *See* Ala. Code § 8-3-5 (1975) (payment of debt by surety entitles surety to proceed immediately against principal); *Doster v. Continental Cas. Ins. Co.*, 268 Ala. 123, 105 So.2d 83 (Ala. 1958) ("surety. . . may file a bill in equity to compel the principal debtor to pay the debt").

**Legal Analysis**

Pursuant to the indemnity agreement, the validity of which is undisputed, the Indemnitors are obligated to indemnify Hartford for "all loss, liability, damages and expenses" incurred by Hartford "because of having furnished any Bond" for Hyperion.  Hartford has presented evidence to support its claims for indemnity.  Specifically, Hartford has proved that it made payments and incurred expenses (and has provided evidence of the total amounts of payments and expenses) under each of the two bonds.  Therefore, Hartford is entitled to summary judgment unless the Indemnitors can demonstrate, both legally and factually, that they were relieved of their obligation to indemnify Hartford.

The Indemnitors argue, generally, that they are not liable for claims Hartford paid in bad faith.  It is true that a surety's right to recover under an indemnity agreement may be defeated by proof that the payment was made fraudulently or in bad faith.  *Fidelity & Dep. Co. of Maryland v. Bristol Steel & Iron Works, Inc.*, 722 F.2d 1160, 1163 (4th Cir. 1983).  In this instance, however,  proof of bad faith is lacking--first, because it is impossible to determine which payments the Indemnitors are challenging and, second, because the Indemnitors' definition of bad faith is much too broad.  With respect to the disputed payments, the Indemnitors state only that "[t]he value of payments made by Hartford and disputed by Hyperion exceeds . . . $200,000.00."  (Def.'s Brf., Doc. 64, ¶ 10.)  Without evidence as to which of the approximately $1.8 million in payments were allegedly made in bad faith, it is impossible to determine that any triable fact exists.

Even if the disputed claims were set out with specificity, the overall basis of the Indemnitors' bad faith argument is meritless. The Indemnitors argue that Hartford acted in bad faith because it paid claims for which Hyperion may not have been liable and did so to lessen or avoid its own liability to the subcontractors. They assert that Hartford ignored their objections to subcontractors' inaccurate and invalid claims. However, courts have held that "actual liability is not a prerequisite to a surety's right to reimbursement." *Frontier Ins.*, 124 F. Supp. 2d at 1215 (citing *Doster*, 105 So. 2d at 85-86). Hence, the mere payment of claims—even those for which the principal has a valid defense--does not amount to bad faith.[2] But the Indemnitors attempt to cast a cloud of bad faith by pointing out that Hartford paid disputed claims out of self-interest, to avoid its own exposure to claims by the subcontractors. But self-interest is not synonymous with bad faith. In the context of an indemnity agreement, bad faith means a dishonest purpose, conscious wrongdoing, or a "*breach of duty* [motivated by] self-interest or ill will." *Frontier Ins v. International, Inc.*, 124 F.Supp.2d 1211, 1214 (N.D. Ala. 2000) (emphasis added). Hartford may well have acted in its own self-interest when it paid disputed claims, but it breached no duty to the Indemnitors by doing so. It was, in fact, acting within the powers granted by the Indemnity Agreement, which gave Hartford authority to settle any claim made under the bonds as long as it did so "in the belief it that either (1) Hartford was or might be liable therefore or (2) if it was or might be liable therefore, or (2) the[ ] [payment] was necessary or advisable to protect Hartford's rights or to avoid or lessen Hartford's liability." Hartford's exercise of its contractual right to settle claims cannot be considered evidence of bad faith. By

---

[2] In rebuttal to the bad faith argument asserted in Indemnitors' summary judgment response, Hartford submitted evidence that the Indemnitors actually agreed to the settlement of claims at mediation proceedings with subcontractors. The Court has not considered that evidence, however, because the Indemnitors have not had an opportunity to respond to it.

the Indemnitors' own evidence, Hartford settled the claim to avoid or lessen its to liability, as was its right under the agreement.

**Conclusion**

Hartford is entitled to indemnity from the Indemnitors for loss, damages and expenses incurred as a result of claims made on bonds furnished to defendant Hyperion, LLC.  Therefore, the motion for summary judgment is **GRANTED**.  Judgment shall be entered by separate order.

**DONE** and **ORDERED** this the 10th day of January, 2012.

                                                                s/*Charles R. Butler, Jr.*
                                                                **Senior United States District Judge**